# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### (NORTHEASTERN DIVISION)

| | |
|---|---|
| HOMER LEE REECE, and ) <br> NELDA REECE ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> INTUITIVE SURGICAL, INC. ) <br> ) <br> ) <br> Defendant. ) <br> ) | Case No. **5:13-cv-01091-MHH** |

## DEFENDANT INTUITIVE SURGICAL, INC.'S MOTION TO DISMISS

Every one of Plaintiffs' seven causes of action fails as a matter of law for a fundamental reason: the complaint was filed nearly a year too late. Under Tennessee's Product Liability Act—which governs here—a plaintiff who sues for personal injury caused by a product must bring suit *within one year*, no matter what specific claims are alleged. Plaintiffs did not do that. Although Mr. Reece was allegedly injured by Intuitive's *da Vinci*® Surgical System during a prostatectomy on June 9, 2011, Plaintiffs waited almost two years before filing suit on June 7, 2013. Thus, it is clear from the face of Plaintiffs' complaint that their claims are time-barred, and this suit should be dismissed in its entirety.

## BACKGROUND

Plaintiff Homer Lee Reece is "a 70-year old man with a history of prostate cancer." Compl. (Doc. 1) ¶ 7. According to the complaint filed by Mr. Reece and his wife, Mr. Reece's physician advised that he "needed to have a prostatectomy performed to treat his prostate cancer" and recommended that he "undergo [a] robotic" procedure using Intuitive's *da Vinci* Surgical System. *Id.* ¶¶ 7, 9. On June 9, 2011, Mr. Reece had a prostatectomy performed at Memorial

Hospital in Chattanooga, Tennessee. *Id.* ¶ 10. Mr. Reece alleges that during the surgery he "sustained significant injuries," which required "repair of . . . lacerations and tears of the intestines and small bowels." *Id.* As a result of those injuries, the Reeces allege, Mr. Reece spent "the next forty-four days in the [Tennessee] hospital," where he had to have "another surgery." *Id.* ¶¶ 11–12.

The Reeces filed this action on June 7, 2013—almost two years from the date of Mr. Reece's alleged injury. In their complaint, they have asserted seven causes of action: (1) "product liability," *id.* ¶¶ 48–76, (2) "general negligence & negligent training & proctoring & negligent certification," *id.* ¶¶ 77–82, (3) "fraud," *id.* ¶¶ 83–93, (4) "breach of express warranty," *id.* ¶¶ 94–103, (5) "breach of implied warranty," *id.* ¶¶ 104–11, (6) "unjust enrichment," *id.* ¶¶ 112–17, and (7) "loss of consortium," *id.* ¶¶ 118–20.

## ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted where the complaint lacks "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2009)). Dismissal is appropriate under this standard if "the claim is[] time-barred on the face of the Complaint." *McDaniel v. City of Fairfield*, No. 2:12-cv-03872-HGD, 2013 WL 1180320, at *1 (N.D. Ala. Feb. 19, 2013), *report and recommendation adopted by* 2013 WL 1180318 (N.D. Ala. Mar. 20, 2013); *accord Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir. 2008); *see also Smith v. Foster*, No. 4:11-cv-00748-CLS-RRA, 2013 WL 1346628, at *1 (N.D. Ala. Mar. 29, 2013) (granting motion to dismiss on statute-of-limitations grounds).

Here, Plaintiffs' claims are time-barred because: (1) Tennessee law governs the statute-of-limitations issue; (2) the Tennessee Product Liability Act, Tenn. Code Ann. § 29-28-101 *et seq*. (TPLA), applies to all of Plaintiffs' claims; and (3) Plaintiffs filed suit outside the TPLA's one-year limitations period.

## I. ALABAMA CHOICE-OF-LAW PRINCIPLES REQUIRE THE APPLICATION OF TENNESSEE LAW—INCLUDING ITS STATUTE OF LIMITATIONS—TO PLAINTIFFS' CLAIMS.

This case is governed by Alabama choice-of-law rules because jurisdiction is based on diversity of citizenship and the Court sits in Alabama. *See, e.g.*, *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1139 (11th Cir. 2005) ("[A] federal court sitting in diversity will apply the choice of law rules for the state in which it sits." (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941))). In tort cases, Alabama law applies the *lex loci delicti* principle, which requires a court to apply the substantive law "of the state where the injury occurred." *Middleton v. Caterpillar Indus., Inc.*, 979 So. 2d 53, 57 (Ala. 2007) (internal quotation marks omitted). The *lex loci* rule applies regardless of whether the plaintiff resides in a state different from the situs of injury. *See, e.g.*, *Fitts v. Minn. Min. & Mfg. Co.*, 581 So. 2d 819 (Ala. 1991) (applying Florida law to claims of Alabama-resident plaintiffs arising out of plane crash in Florida). Here, there is no question that the place of alleged injury is Tennessee. Plaintiffs allege that Mr. Reese was injured during a prostatectomy that he underwent on June 9, 2011, at Memorial Hospital in Chattanooga, Tennessee. Compl. ¶ 10. Thus, even though the Reeces are Alabama residents and filed a lawsuit in Alabama, Tennessee law applies to their claims.

Importantly, the *lex loci* rule applies to the limitations question even though statutes of limitations are sometimes considered "procedural" (and thus subject to the forum state's limitations rules). Judge Proctor, following the Alabama Supreme Court's lead, recently explained that a statute of limitations is substantive for choice-of-law purposes—and thus

3

governed by the place of injury—"where the foreign state has a 'public policy' against allowing a plaintiff to bring suit after a certain period of time has elapsed," as expressed in its limitations law.  *Murphy v. McGriff Transp. Inc.*, No. 2:11-cv-02754-RDP, 2012 WL 3542296, at *1 (N.D. Ala. Aug. 15, 2012) (quoting *Bodnar v. Piper Aircraft Corp.*, 392 So. 2d 1161, 1163 (Ala. 1980)).  A limitations period is also considered substantive when "the accident occurred and the cause of action arose in a jurisdiction which has a so-called 'built-in' statute of limitations."  *Id.* (quoting *Battles v. Pierson Chevrolet, Inc.*, 290 Ala. 98, 274 So. 2d 281 (1973)).

Both circumstances are present here.  Tennessee courts have repeatedly stated that statutes of limitations "are part of the public policy of that state," as Judge Proctor recently recognized.  *McGriff*, 2012 WL 3542296, at *2; *accord Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 461 (Tenn. 2012) (recognizing "public policy favoring the enforcement of statutes of limitations").  Consistent with this policy, Judge Proctor concluded that Tenn. Code Ann § 28-3-104—the very limitations period applicable here—was substantive and dismissed wrongful death claims as untimely where the plaintiffs sued almost two years after a motor vehicle accident.  *McGriff*, 2012 WL 3542296, at *2.  This case calls for the same result.

Tennessee's applicable limitations period is also substantive for purposes of this case because it is part of the broader statutory scheme that governs Plaintiffs' claims.  As discussed in more detail below, each of Plaintiffs' claims is governed by the TPLA, which sets forth the limitations period for all product-liability cases.  *See* Tenn. Code Ann. § 29-28-103 (incorporating by reference the one-year limitations period in Tenn. Code Ann. § 28-3-104 and setting forth several additional requirements).[1]  Accordingly, the rule is a "built-in" statute of limitations and governs Plaintiffs' claims for this reason as well.

---

[1]  This aspect of the limitations rule serves to distinguish it from a statute codified as part of a state's procedural rules, like the one at issue in *Etheredge v. Genie Industries, Inc.*, 632 So. 2d 1324 (Ala. 1994) (per curiam).  In *Etheredge*, the plaintiff filed a product-liability suit in Alabama concerning injuries that allegedly occurred in North Carolina.  *Id.* at 1324.  The Alabama Supreme Court declined to apply the North Carolina statute

## II. PLAINTIFFS' CLAIMS ARE ALL GOVERNED BY THE TPLA.

Second, the TPLA governs each of the Reeces' several causes of action because this is a "product liability action" as defined under the Act. The TPLA defines a "product liability action" broadly to encompass "***all actions brought for or on account of personal injury***, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product." Tenn. Code Ann. § 29-28-102(6) (emphasis added). That definition

> includes, but is not limited to, all actions based upon the following theories: strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent, or innocent; misrepresentation, concealment or nondisclosure, whether negligent, or innocent; ***or under any other substantive legal theory in tort or contract whatsoever***.

*Id.* (emphasis added).

Applying this broad language, courts applying Tennessee law have consistently held that claims involving harm caused by a product are governed by the TPLA, regardless of the label under which they were pleaded. *See, e.g.*, *Strayhorn v. Wyeth Pharm., Inc.*, 882 F. Supp. 2d 1020, 1028 (W.D. Tenn. 2012) (claims for strict liability, negligence, fraud, breach of express and implied warranties, unjust enrichment, and loss of consortium); *McMillian v. Janssen Pharmaceutica, Inc.*, No. 3:10-CV-194, 2011 WL 12088, at *1–2 (E.D. Tenn. Jan. 4, 2011) (claims for negligence, strict product liability, failure to warn, breach of express and implied warranties, negligent misrepresentation, and fraud and deceit); *Maness v. Boston Scientific*, 751 F. Supp. 2d 962, 967 & n.5 (E.D. Tenn. 2010) (claims of negligence, reckless misconduct, malice, fraud and oppression, and strict liability); *Greene v. Brown & Williamson Tobacco Corp.*, 72 F. Supp. 2d 882, 886–87 (W.D. Tenn. 1999) (claims of negligence, strict liability, and

---

of repose because, the Court observed, the statute had been codified as part of a broader list of repose rules contained exclusively within "the 'Civil Procedure' chapter of the North Carolina General Statutes." *Id.* at 1327 (citing N.C.G.S. § 1-50(6)). Accordingly, *Etheredge* is inapposite here.

civil conspiracy); *Spence v. Miles Labs., Inc.*, 810 F. Supp. 952, 959 (E.D. Tenn. 1992) ("the plaintiff's claims manifestly relate to a product" and thus "clearly fall within Tennessee's broad definition of products liability actions"); *Elec. Power Bd. of Chattanooga v. Westinghouse Elec. Corp.*, 716 F. Supp. 1069, 1072–73 (E.D. Tenn. 1988) (claims of strict liability, negligence, and breach of warranty); *Irion v. Sun Lighting, Inc.*, No. M2002-00766-COA-R3-CV, 2004 WL 746823, at *3 (Tenn. Ct. App. Apr. 7, 2004) ("Although [the plaintiff] has alleged various causes of action, her lawsuit is a product liability action governed by the Tennessee Product Liability Act . . . .").

As these decisions illustrate, Plaintiffs' claims come well within the TPLA's scope. After all, Plaintiffs allege that "[d]ue to design defects, defendant's devices have malfunctioned during the course of operative use causing injury . . . ." Compl. ¶ 44. Similarly, Plaintiffs assert that Intuitive "failed to warn users and consumers of the risk of complications associated with the use of its said device . . . which was a . . . cause for Plaintiff's . . . multiple surgeries and long term pain and suffering." *Id.* ¶ 79. There can be no question that these allegations are ones made "for or on account of personal injury [allegedly] caused by or resulting from the manufacture, construction, design, . . . assembly, testing, service, warning, instruction, [or] marketing, . . . of [a] product." Tenn. Code Ann. § 29-28-102(6). Thus, Plaintiffs' claims—whether for "strict liability," "negligence," "misrepresentation," "breach of warranty," or "any other substantive legal theory in tort or contract whatsoever," Tenn. Code Ann. § 29-28-102(6)—come within the TPLA.

**III.    PLAINTIFFS' CLAIMS ARE TIME-BARRED UNDER THE TPLA'S ONE-YEAR LIMITATION RULE.**

Finally, it is evident from the face of Plaintiffs' complaint that their claims are time-barred under the TPLA's one-year statute of limitations. *See* Tenn. Code Ann. § 29-28-103(a) ("Any action against a manufacturer or seller of a product for injury to person or property caused

by its defective or unreasonably dangerous condition must be brought within the period fixed by § 28-3-104 . . . ."); *id.* § 28-3-104(b) (establishing a one-year limitations period for any "cause of action for injury to the person"). Tennessee law is clear that the limitations period commences on the date a plaintiff discovers his injury—regardless of whether he knows the identity of the alleged tortfeasor. *See Schultz v. Davis*, 495 F.3d 289, 292–93 (6th Cir. 2010) (statute-of-limitations clock starts to run on the date that an injury occurred, "'or [was] discovered, or when in the exercise of reasonable care and diligence, it should have been discovered'"—even though the plaintiff "may not [know] the specific tortfeasors" (quoting *Potts v. Celotex Corp.*, 796 S.W. 2d 678, 680–81) (Tenn. 1990))); *accord, e.g.*, *Whittlesey v. Cole*, 142 F.3d 340, 343 (6th Cir. 1998). Moreover, a plaintiff "is not entitled to a new limitations period to begin with the appearance of each new injury or complication." *Kenton v. United Tech. & its Subsidiaries*, 1990 WL 32121, at *3 (Tenn. Ct. App. Mar. 26, 1990); *accord, e.g.*, *Beaman v. Schwartz*, 738 S.W.2d 632, 634 (Tenn. Ct. App. 1986) (one-year time period began to run when the plaintiff "knew she had an eye injury," even though the plaintiff argued that her claims were for a subsequent "corneal infection, not the [original] corneal abrasion").

Here, Plaintiffs allege that Mr. Reece was injured by Intuitive's ***da Vinci*** Surgical System during his prostatectomy on June 9, 2011. Compl. ¶ 10. It was on that date—June 9, 2011—that Mr. Reece allegedly "sustained significant injuries to his intestines and small bowels" and had to have his surgery "converted to an open laparotomy surgery with repair of the lacerations and tears of the intestines and small bowels." *Id.* Although Plaintiffs allege that Mr. Reece has suffered continuing injuries, *see, e.g.*, *id.* ¶¶ 12–15, that is immaterial to the limitations analysis, *see Kenton*, 1990 WL 32121, at *3; *Beaman*, 738 S.W.2d at 634. Because Plaintiffs did not file their suit until June 7, 2013—nearly two years after the alleged injury—their claims are untimely and must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' claims in their entirety.

Respectfully submitted,

  /s/ F.M. Haston, III
F.M. Haston, III
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8303
Facsimile: (205) 488-6303
thaston@babc.com
lboney@babc.com

*Attorneys for Defendant Intuitive Surgical, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 11, 2013, I served the foregoing, by email and U.S. Mail, on the following attorneys for Plaintiffs:

      C. Carter Clay
      Bobby J. Bell, Jr.
      HOLLIS, WRIGHT, CLAY & VAIL, P.C.
      505 North 20th Street, Suite 1500
      Birmingham, Alabama 35203
      (205) 324-3600
      Fax: (205) 324-3636
      bob@hollis-wright.com
      carterc@hollis-wright.com


                /s/ Lindsey C Boney IV
                OF COUNSEL