UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **HOMER LEE REECE, and**<br>**NELDA REECE** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | ) Case No.: 5:13-cv-01091-MHH<br>) |
| **INTUITIVE SURGICAL, INC.** | )<br>)<br>) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

In this diversity action, plaintiffs Homer Lee Reece and Nelda Reece assert claims against defendant Intuitive Surgical, Inc. under Tennessee law. The claims relate to injuries that Mr. Reece sustained during a surgical procedure in which Mr. Reece's physician used Intuitive's surgical robot known as the *da Vinci* Surgical System. During the procedure, Mr. Reece suffered injuries that required a 44-day hospitalization and multiple follow-up treatments.

Intuitive has filed a motion to dismiss. The company contends that Tennessee's one-year statute of limitations bars the Reeces' claims. (Doc. 7). Employing Alabama's choice of law rules, the Court finds that Alabama's two-year statute of limitations governs the Reeces' claims. Therefore, the Reeces' claims are timely.

## I. STANDARD OF REVIEW

"A statute of limitations bar is 'an affirmative defense, and…plaintiff[s][are] not required to negate an affirmative defense in [their] complaint.'" *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citing *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993)).  A Rule 12(b)(6) dismissal "on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." *Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir. 2008) (citing *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005)).  When deciding a Rule 12(b)(6) motion to dismiss, the Court must accept "the facts alleged in the complaint as true" and must "draw[] all reasonable inferences in the plaintiff's favor."  *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010).

## II. PROCEDURAL AND FACTUAL BACKGROUND

In 2011, Mr. Reece learned that he had prostate cancer.  His doctors recommended that he undergo a robotic procedure using Intuitive Surgical's **da Vinci** Surgical System to treat the cancer.  (Doc. 1, ¶¶ 7, 9).  Mr. Reece travelled from his home in Bryant, Alabama to Memorial Hospital in Chattanooga, Tennessee for the surgery.  (Doc. 1, ¶¶ 1, 10).  The surgery took place on June 9, 2011.  During the procedure, Mr. Reece sustained injuries to his intestines and

small bowels "by the use of the *da Vinci* surgical robot manufactured and sold by . . . Intuitive." (Doc. 1, ¶ 10). The doctors converted the robotic surgery to an open laparotomy surgery to repair the lacerations and tears on Mr. Reece's intestines and small bowels. (Doc. 1, ¶ 10). Mr. Reece spent the next 44 days in the hospital. (Doc. 1, ¶ 11). Mr. Reece's injuries required eight follow-up procedures. (Doc. 1, ¶ 13).

Mr. Reece and his wife filed this lawsuit against Intuitive on June 7, 2013. In their complaint, the Reeces assert seven state law claims against Intuitive: (1) product liability (Doc. 1, ¶¶ 48-76); (2) general negligence and negligent training, negligent proctoring, and negligent certification (Doc. 1, ¶¶ 77–82); (3) fraud (Doc. 1, ¶¶ 83–93); (4) breach of express warranty (Doc. 1 ¶¶ 94–103); (5) breach of implied warranty (Doc. 1, ¶¶ 104–11); (6) unjust enrichment (Doc. 1, ¶¶ 112–17); and (7) loss of consortium (Doc. 1, ¶¶ 118–20). Intuitive filed a motion to dismiss the Reeces' claims. (Doc. 7). This order resolves Intuitive's motion to dismiss.

### III. ANALYSIS

A federal court sitting in diversity applies the substantive law of the state in which the court sits, including the state's choice-of-law rules. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1139 (11th Cir. 2005) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941)); *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941) (finding that forum state's choice-of-law rules

are substantive). Under Alabama's choice of law rules, courts must apply the law of the place of the injury -- the *lex loci delicti* -- to "determine the substantive rights of an injured party." *Middleton v. Caterpillar Indus., Inc.*, 979 So. 2d 53, 57 (Ala. 2007) (citing *Fitts v. Minnesota Mining & Mfg. Co.*, 581 So. 2d 819, 820 (Ala. 1991)) (internal citations omitted).[1] The law of the forum – the *lex fori* – governs procedural matters. *Middleton*, 979 So. 2d at 57. Because Mr. Reece's injuries occurred in Tennessee, this Court will apply Tennessee law to resolve all of the substantive issues in the case. The Court will follow Alabama law with respect to procedural issues.

To resolve Intuitive's motion to dismiss, the Court must determine whether the limitations language in the Tennessee Product Liability Act ("TPLA"), Tenn. Code. Ann. § 29-28-101 *et seq.*, is procedural or substantive. "'Where the statute of limitations [is procedural, and] goes only to the remedy, it seems to be the settled rule that the lex fori, and not the lex loci, governs.'" *Etheredge v. Genie Industries, Inc.*, 632 So. 2d 1324, 1326 (Ala. 1994) (quoting *Mullins v. Ala. Great Southern Ry.*, 195 So. 866 (Ala. 1940)). "'By legal tradition, most statutes of limitation are deemed procedural rather than substantive.'" *Id.* (quoting Robert A. Leflar, et al., *American Conflicts Law* 348 (1986)); *see also Cofer v. Ensor*, 473

---

[1] In *Bodnar v. Piper Aircraft Corp.*, the Alabama Supreme Court explained that it applies the substantive law of the state where the injury occurred because "the right to recover for a foreign tort owes its creation and scope to the law of the jurisdiction where the injury occurred." 392 So. 2d 1161, 1163 (Ala. 1980).

4

So. 2d 984, 987 (Ala. 1985) ("'Alabama decisions state that a statute of limitations, unless the act specifically declares otherwise, is construed as affecting the remedy only.'") (quoting *State Dep't of Rev. v. Lindsey*, 343 So. 2d 535, 537 (Ala. Civ. App. 1977)). But the Alabama Supreme Court recognizes a distinction "'between a true statute of limitations and a statute which creates a new right of action with an express restriction on the time within which an action may be brought to enforce the right.'" *Etheredge*, 632 So. 2d at 1326 (quoting *Cofer*, 473 So. 2d at 987). The Alabama Supreme Court labels the latter a "statute of creation." The Alabama Supreme Court regards a statute of creation as a principle of substantive law because "'the limitation is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself.'" *Id.* at 1327 (quoting *Cofer*, 473 So. 2d at 987).

The limitations language in the TPLA appears in § 29-28-103(a). Section 29-28-103(a) provides that:

> Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28-3-104, 28-3-105, 28-3-202 and 47-2-725, but notwithstanding any exceptions to these provisions, it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose action must be brought within a period of one (1) year after attaining the age of majority, whichever occurs sooner.

Tenn. Code. Ann. § 29-28-103(a).  The first sentence of § 29-28-103(a) refers to limitations periods that appear elsewhere in the Tennessee Code.  One of those limitations periods, § 28-3-104, is located in the "Limitations of Actions" chapter of the Tennessee Code.  Section 104 of the chapter is entitled "Personal tort actions; actions against certain professionals."  Section 104 lists, among other things, categories of tort actions to which a one year statute of limitations applies.  Section 28-3-104(a)(1) states that actions "for injuries to the person," including products liability actions, "shall be commenced within one (1) year after the cause of action accrued."  Tenn. Code. Ann. § 28-3-104(a)(1).[2]

Intuitive argues that the TPLA incorporates § 28-3-104(a)(1)'s one-year statute of limitations into § 29-28-103(a) and that § 29-28-103(a) is a statute of creation.  As support for its argument, Intuitive cites *Strayhorn v. Wyeth Pharmaceuticals, Inc.*, 737 F.3d 378 (6th Cir. 2013).  In that case, the Sixth Circuit

---

[2] Section 28-3-104 adds:

> (b) For the purpose of this section, in products liability cases:
>
> (1) The cause of action for injury to the person shall accrue on the date of the personal injury, not the date of the negligence or the sale of a product;
>
> (2) No person shall be deprived of the right to maintain a cause of action until one (1) year from the date of the injury; and
>
> (3) Under no circumstances shall the cause of action be barred before the person sustains an injury.

Tenn. Code. Ann. § 28-3-104(a).

Court of Appeals examined a variety of product liability claims in seven consolidated cases in which the plaintiffs alleged that they developed a serious neurological disorder after they ingested a prescription drug. *Id.* at 383. The appellate court agreed with the district court's holding that:

> [t]he TPLA governs products liability actions in Tennessee and defines "product liability action[s]" as "all actions brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packing, or labeling of any product." The TPLA also encompasses several different theories of products liability: "strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation, concealment, or nondisclosure, whether negligent or innocent; or under any other substantive legal theory in tort or contract whatsoever."

*Id.* at 392 (quoting *Strayhorn v. Wyeth Pharm., Inc.,* 887 F.Supp. 2d 799, 813 (W.D. Tenn. 2012)). Beyond recognizing that the TPLA embraces all product liability theories under Tennessee law, *Strayhorn* sheds no light on the issue before the Court. *Strayhorn* does not mention whether the TPLA created "a new right of action" such that it would be considered a statute of creation under Alabama law. And even if the opinion spoke to that issue, it would be of little help to the Court's analysis because "in this instance it is for this Court to determine whether the statute is substantive or procedural. The [Sixth Circuit] decisions 'are of no legal consequence for purposes of this analysis. It is Alabama law that is binding.'"

*Etheredge*, 632 So. 2d at 1327.  Thus, the Court looks to Alabama law to discern the identifying characteristics of a "statute of creation."

The Court has located a number of cases in which the Alabama Supreme Court has held that a "statute of limitations" is "'so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself.'" *Etheredge*, 632 So. 2d at at 1327 (quoting *Cofer*, 473 So. 2d at 987).  In *Ex parte B.W.C.*, 590 So. 2d 279 (Ala. 1991), the Alabama Supreme Court held that Alabama Code § 26-10-5 (then in effect) was a statute of creation.  The statute provided a five-year deadline for challenges to orders of adoption.  The Alabama Supreme Court found that the statute was a statute of creation because:

> it creates a new liability, and, to enforce that liability gives an action that did not exist at common law, and, within the text of the statute itself, includes a time within which one must bring that action . . . [so] that the five-year period for commencing an action under § 26-10-5 enters into and becomes a part of the right of action itself and is a limitation directed at the newly created right, not just the remedy . . .

*Id.* at 281-82 (noting that adoption order challenge must have been initiated within five-year window but did not have to be completed within five years).

Nearly a decade later, the Alabama Supreme Court held that Alabama Code § 35-10-30 (which establishes a penalty against mortgagors for certain conduct) is a statute of creation because § 35-10-30 "did not exist at common law."  *Ex parte Rowan*, 774 So. 2d 530, 532 (Ala. 2000). The Alabama Supreme Court stated:

8

> A limitation on a right of action, set forth in a statute of creation (typically, a limitation on the time in which the right may be exercised), is "'so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself.'"

*Id.* (quoting *Cofer*, 473 So. 2d at 987).

In *Cofer*, the seminal decision concerning statutes of creation, the Alabama Supreme Court confirmed that "the two-year period provided in the wrongful death statute, within which a wrongful death action must be brought, is a statute of creation, because '[t]he period of two years is the essence of the newly created by the statute conferred right of action . . .'" *Cofer*, 473 So. 2d at 991-92 (quoting *Louisville & N.R. Co. v. Chamblee*, 171 Ala. 188 (Ala. 1911)). In reaching this conclusion, the Alabama Supreme Court quoted the following passages from Am. Jur. 2d:

> It sometimes happens that a statute will create an entirely new right of action that did not exist at common law, and will expressly attach thereto, without any exception, the proviso that the action must be brought within a certain time from the date of its accrual. *Conditions which are annexed to a right of action created by a statute in this manner must be distinguished from a limitation period under a true statute of limitations.*
>
> . . .
>
> *a statute that in itself creates a new liability and gives an action to enforce it unknown to the common law and fixes the time within which that action may be commenced is not a statute of limitations, but a statute of creation.*

9

*Cofer*, 473 So. 2d at 992 (quoting 51 Am. Jur. 2d *Limitation of Actions*, § 8, p. 596 (1970) and 22 Am. Jur. 2d *Death*, § 35, p. 633 (1965)) (emphasis in *Cofer*). The Alabama Supreme Court concluded: "Thus, because the source of the period of limitations for the wrongful death of a minor was contained in the original 1852 wrongful death statute and continues to be included in § 6-5-410, it is a *statute of creation* and not a tollable statute of limitations." *Id.* at 992-93 (emphasis in *Cofer*).[3]

Based on the *B.W.C.*, *Rowan*, and *Cofer* decisions, the Court concludes that a "statute of creation" under Alabama law "creates a new liability, and, to enforce that liability gives an action that did not exist at common law, and, within the text of the statute itself, includes a time within which one must bring that action." *B.W.C.*, 590 So. 2d at 281-82. Applying this definition to the TPLA, the Court concludes that the statute is not a statute of creation because the TPLA does not

---

[3] The Alabama Supreme Court consistently has held that the wrongful death statute and its predecessor, the Homicide Act, created a cause of action that did not exist at common law. *See Parker v. Fies & Sons*, 10 So. 2d 13, 15 (1942), *overruled on other grounds by King v. Nat'l Spa & Pool Inst., Inc.*, 607 So. 2d 1241 (Ala. 1992) ("Our Homicide Act is a death statute, a punitive statute to prevent homicides. It creates a new and distinct cause of action, unknown at common law. The cause of action comes into being only upon death from wrongful act. . . . The statute requires suit brought within two years after death. This is not a statute of limitations, but of the essence of the cause of action, to be disclosed by averment and proof.") (internal citations omitted); *see also King v. Nat'l Spa & Pool Inst., Inc.*, 607 So. 2d 1241, 1243 (Ala. 1992) (explaining that *Parker's* discussion of the Homicide Act "applies equally well to the present Wrongful Death Act, Ala. Code 1975, § 6-5-410, and that Act remains the sole right of action for death under our law.") (internal citations omitted); *Kennedy v. Davis*, 55 So. 104, 105 (Ala. 1911) ("It has been decided and many times reaffirmed by this court that actions under [the Homicide Act] are purely statutory. There was no such action or right of action at common law.").

create a new liability that did not exist at common law. The Tennessee Legislature enacted the TPLA in 1978. *Penley v. Honda Motor Co., Ltd.*, 31 S.W.3d 181, 186 (Tenn. 2000). "Product liability claims, however, were viable common law causes of action in Tennessee prior to 1978." *Charter Oak Fire Ins. Co. v. Broan*, 348 F. Supp. 934 (W.D. Tenn. 2004). In fact, the Tennessee Legislature enacted the TPLA to curb price increases for product liability insurance. The Tennessee Legislature attributed escalating prices for product liability insurance to the increasing number of product liability lawsuits in Tennessee. *Penley*, 31 S.W.3d at 187.[4] Clearly, Tennessee recognized common law product liability actions before the Tennessee Legislature enacted the TPLA. Therefore, the TPLA is not a statute

---

[4] The Tennessee Legislature accomplished its goal by including within the TPLA a statute of repose. After the period of repose expires (generally either within six years of the date of injury or within ten years from the date of purchase or within one year after the expiration of the anticipated life of the product, "whichever is the shorter"), no plaintiff may commence a product liability action. *Penley*, 31 S.W.3d at 187 (citing Tenn. Code. Ann. § 29-28-103(a) and holding that the ten-year statute of repose in § 29-28-103(a) cannot be tolled). Even if § 29-28-103(a) constituted a statute of creation under Alabama law (because it includes repose language that extinguishes a plaintiff's right of action), Alabama law would characterize only the repose language within § 29-28-103(a) as substantive because that language limits a plaintiff's right, not just his remedy. Under Alabama choice of law rules, the general statute of limitation provisions that the Tennessee Legislature referenced in § 29-28-103(a) are procedural because those limitation periods affect only a plaintiff's remedy. As the language of § 29-28-103(a) indicates, the limitation period in § 28-3-104(a)(1) may be tolled in a products liability action but only within the repose window. When the period of repose lapses, the plaintiff's right is extinguished. *See* Tenn. Code. Ann. § 29-28-103(a) (acknowledging that there are exceptions to the general limitation in § 28-3-104(a) and in Tennessee's other general statutes of limitation, and stating that "notwithstanding any exceptions to these provisions," a products liability action "must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter.") Because the limitation period in § 28-3-104(a)(1) affects only a plaintiff's remedy, it is procedural, not substantive.

11

of creation. Consequently, the two-year statute of limitations in Alabama Code § 6-2-38(l) governs the Reeces' personal injury claims rather than the one-year statute of limitations in Tennessee Code § 28-3-104(a)(1) to which the TLPA refers in § 29-28-103(a).

Despite the fact that Tennessee Code § 28-3-104(a)(1) constitutes a procedural limitations period under Alabama's settled choice of law rules, Intuitive urges the Court to regard § 28-3-104(a)(1) as substantive rather than procedural because the one year limitation period in § 28-3-104(a)(1) is part of the public policy of the State of Tennessee. (Doc. 7, p. 4; Doc. 10, pp. 5-6). Intuitive cites *Bodnar v. Piper Aircraft Corp.*, 392 So. 2d 1161 (Ala. 1980), in support of its public policy argument.

The Court finds *Bodnar* unpersuasive. In that wrongful death case, the decedent and his wife, the plaintiff, were residents of Georgia, and the airplane accident that gave rise to the wrongful death action occurred in Georgia. The decedent's widow named as defendants the manufacturer of the plane, the manufacturer of a component part of the plane, and an Alabama business that allegedly failed to inspect and identify a purported defect in the plane's exhaust system. *Bodnar*, 392 So. 2d at 1162, 1164. With little analysis of Alabama's settled choice of law rules, the Alabama Supreme Court, on procedural grounds, distinguished *Bodnar* from the Court's earlier decision in *Battles v. Pierson*

*Chevrolet, Inc.*, 274 So. 2d 281 (Ala. 1973), and the Court noted that, "in the years since *Battles* was decided, the Georgia Supreme Court has declared the two-year period stated in Ga.Code, § 3-1004 [Georgia's general two-year statute of limitations], to be 'the public policy' of that state." *Bodnar*, 392 So. 2d at 1163 (citing *Taylor v. Murray*, 204 S.E.2d 747 (1974)). The Court concluded that the widow's claim "founded on the Georgia Wrongful Death Act" was "not barred by the Georgia statute of limitations, which we hold is the applicable limitation period under our conflict of laws rule." *Id.*

In *Battles*, the Alabama Supreme Court explained that if it were to reach the choice of law issue presented to it -- an option that the state law pleading rules then in place foreclosed -- it would follow Alabama's settled choice of law rules and apply Alabama's statute of limitations even though the Georgia wrongful death statute governed the substantive issues in the case. The Court wrote:

> The general rule, long accepted by most of the courts of this country for determining the statute of limitations to be applied in such [wrongful death] cases as the Mullins case and the case at bar is to the effect that where a wrongful death occurs outside of the state in which the action is brought, the statute of limitations of the state where the action is brought controls unless the homicide or wrongful death statute where the accident occurred has a built-in statute of limitations. In that event, the statute of the state where the accident occurred is generally held to control. *Larue v. C. G. Kershaw Contracting Co.*, 177 Ala. 441, 59 So. 155; *Nelson v. Eckert*, 231 Ark. 348, 329 S.W.2d 426; *Sherley v. Lotz*, 200 Va. 173, 104 S.E.2d 795; *Edison v. Lewis* (Okl.), 325 P.2d 955; *McDaniel v. Mulvihill*, 196 Tenn. 41, 263 S.W.2d 759.

13

> We see no reason why there would have been a different result in the Mullins case, Supra, if the Georgia homicide or wrongful death statute had been properly pleaded, since that statute did not limit the duration of the time within which the right granted thereunder had to be exercised.
>
> But that question aside, the Georgia statute has not been properly pleaded.

*Battles*, 274 So. 2d at 285.

A few years after the Alabama Supreme Court issued the *Bodnar* opinion, it decided *Sanders v. Liberty Nat. Life Ins. Co.*, 443 So. 2d 909 (Ala. 1983). In that case, the Court had to determine whether fraud and bad faith claims that were governed by Florida law were subject to Alabama's one-year statute of limitations or Florida's four-year statute of limitations. In holding that Alabama's statute of limitations applied and barred the fraud and bad faith claims, the Alabama Supreme Court offered context for its reference to "public policy" in *Bodnar*. The Court instructed:

> Alabama courts will only apply another state's statute of limitations when it is demonstrated that "the limitation is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself." *Department of Revenue v. Lindsey,* 343 So. 2d 535, 537 (Ala. Civ. App. 1977). In other words, the limitation must be found to be a part of the "public policy" of the other state. See *Bodnar v. Piper Aircraft Corp.,* 392 So. 2d 1161, 1163 (Ala.1980). Sanders has failed to show this court that such is true of the Florida statute of limitations applicable to fraud. Consequently, Alabama's one-year statute of limitations was properly applied by the trial court, and Sanders's fraud counts are barred in the courts of this state.

*Sanders*, 443 So. 2d at 912. Thus, the Alabama Supreme Court tethered its "public policy" language to the settled choice of law rule that Alabama applies another state's statute of limitations when the limitation period is so closely tied to the substantive cause of action that the limitation becomes part of the action, thereby reflecting the public policy that animates the action itself. Years later, in *Etheredge*, when one of the parties to that product liability action tried to persuade the Court that public policy weighed against the application of North Carolina's statute of limitations, the Court reminded the parties that "the preliminary question is whether [North Carolina General Statute] § 1-50(6) is a procedural law or a substantive law." *Etheredge*, 632 So. 2d at 1326. The Court never returned to the public policy debate. Instead, the Court relied exclusively on its analysis of whether North Carolina's six year period of repose for personal injury actions based on an alleged product defect was a statute of creation. *Id.* at 1326-27.[5]

Beyond this analysis of Alabama precedent, the Court is persuaded by plaintiffs' counsel's argument regarding the logical flaw in Intuitive's position. Intuitive contends that because § 28-3-104(a)(1) is part of the public policy of the State of Tennessee, this Court should treat the Tennessee limitation period as

---

[5] This Court has located no other decision from the Alabama Supreme Court since *Etheredge* that mentions *Bodnar*. *Etheredge* appears to be the decision upon which the Alabama Supreme Court rests much of its choice of law analysis. *See*, *e.g.*, *Precision Gear Co. v. Continental Motors, Inc.*, 135 So. 3d 953, 956-60 (Ala. 2013); *Middleton v. Caterpillar Indus., Inc.*, 979 So.2d 53, 57-60 (Ala. 2007); *Holman v. McMullan Trucking*, 684 So. 2d 1309 (Ala. 1996).

substantive rather procedural. The Court recognizes that every statute that a state legislature enacts reflects the public policy of that state. If Alabama courts were to regard the general statutes of limitations of sister states as matters of public policy such that the courts of Alabama should treat those general limitations periods as substantive rather than procedural law, then the exception would quickly swallow the general rule that "most statutes of limitation are deemed procedural rather than substantive" and that "Alabama courts will only apply another state's statute of limitations when it is demonstrated that 'the limitation is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself.'" *Etheredge*, 632 So. 2d at 1326, and *Sanders*, 443 So. 2d at 912. The Court does not believe that the Alabama Supreme Court intended such a result when it mentioned public policy in the *Bodnar* decision.[6]

---

[6] This judicial officer acknowledges that two other judges in this District previously examined § 28-3-104(a)(1) under Alabama's choice of law rules and reached different conclusions. *Compare Murphy v. McGriff Transp., Inc.*, 2012 WL 3542296, *2 (N.D. Ala. Aug. 15, 2012) ("Thus, although the one-year Tennessee statute of limitations is not "built-in" to the wrongful death statute, Tennessee courts have stated that such statutes are part of the public policy of that state. Therefore, this court must conclude that the one-year statute of limitations is considered substantive by the state of Tennessee and that it must be applied in this case."), *and Randolph v. Tennessee Valley Authority*, 792 F.Supp. 1221, 1223 (N.D. Ala. 1992) ("[T]reating the concepts of 'built-in' and 'public policy' as synonyms, the court will not find, with no help from the Tennessee Supreme Court, that the Tennessee one-year statute of limitations is such an important or crucial 'public policy' of Tennessee as to be elevated to the status of the 'substantive' law of that state to the north of us. The pertinent Tennessee statute is no more and no less than a general limitations statute applicable to all actions arising out of 'injury to the person'. Accordingly, this court will tentatively treat the Tennessee limitations period as procedural and therefore not relevant to the present inquiry. This inexorably leads the court to the conclusion that the Alabama two-year statute of limitations for negligence actions, Ala.Code § 6–2–38(l) (1975), being the limitations period of the forum state, is the limitation applicable to this case.").

## IV. CONCLUSION

Accordingly, the Court finds that Alabama's two year statute of limitations governs the Reeces' claims. Those claims are timely under the Alabama statute. Therefore, the Court denies Intuitive's motion to dismiss.

**DONE** and **ORDERED** this November 24, 2014.

MADELINE HUGHES HAIKALA
UNITED STATES DISTRICT JUDGE